UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MICHAEL MAROM,

                         Plaintiff,

          -against-

TOWN OF GREENBURGH;
PAUL FEINER,

                        Defendants.
---------------------------------------------------------------X

**OPINION AND ORDER**

18 Civ. 7637 (JCM)

      On March 23, 2020, Plaintiff Michael Marom ("Plaintiff") moved for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) of this Court's February 28, 2020 Opinion and Order, (Docket No. 70), which granted Defendants' motion to dismiss the Second Amended Complaint ("SAC"). (Docket No. 71). Defendants opposed the motion on May 8, 2020, (Docket No. 76), and Plaintiff did not file any reply. For the foregoing reasons, Plaintiff's motion for reconsideration is denied.

**I. BACKGROUND**

      To briefly summarize the relevant facts and procedural history, Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, that Defendants the Town of Greenburgh ("Town") and Paul Feiner (collectively "Defendants") discriminatorily enforced the Town's building code against his property. (Docket No. 54 ¶¶ 41-56).[1] On March 1, 2019, Defendants moved to dismiss the Second Amended Complaint ("SAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket No. 61). On February 27, 2020, the Court granted Defendants' motion to dismiss in its entirety, dismissing all claims with prejudice, with the

---

[1] The Court declines to summarize Plaintiff's other claims, (Docket No. 54), because they are not at issue in the instant motion.

exception of Plaintiff's selective enforcement claim, which was dismissed without prejudice. (Docket No. 70). On March 23, 2020, Plaintiff filed the instant motion seeking reconsideration of the portion of the Court's Opinion dismissing Plaintiff's class-of-one claim. (Docket No. 71).

## II.  LEGAL STANDARD

"The decision to grant or deny [a motion for reconsideration under Local Civil Rule 6.3] is within the sound discretion of the district court." *Dellafave v. Access Temporaries, Inc.*, No. 99 CIV. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001). "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Peterson v. Home Depot U.S.A., Inc.*, No. 11 Civ. 5747 (ER), 2014 WL 1355622, at *1 (S.D.N.Y. Apr. 4, 2014) (quoting *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)). The standard for granting a motion for reconsideration is "strict," and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court has overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Thus, reconsideration requires a movant to demonstrate "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error to prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotations omitted). To this end, the movant "may not use a motion under Rule 6.3 to advance new facts, issues or arguments not previously presented to the Court." *McGee v. Dunn*, 940 F. Supp. 2d 93, 100 (S.D.N.Y. 2013) (internal citations omitted). "The burden on the movant is high to ensure finality in decisions, discourage repetitive arguments and to prevent a losing party from rearguing a decision after

examination in an attempt to correct prior inadequacies." *Rijos v. N.Y. Cmty. Bancorp, Inc.*, No. CV 09-5720, 2011 WL 1496800, at *1 (E.D.N.Y. Apr. 15, 2011).

**III. DISCUSSION**

Plaintiff argues that reconsideration of the Court's dismissal of his class-of-one claim is appropriate because the "Court relied on the fact that [an out of town developer] is not recognized as a 'class of one,'" and Plaintiff seeks to "correct" this error and "argues now that he should be recognized as a 'class of one' because his house was singled out for demotion, while no other house in town in similar condition was." (Docket No. 71 at 1-2). Defendants argue in opposition that the motion amounts to a "disagreement with the Court's well-reasoned conclusion regarding his class-of-one claim," and thus does not present proper grounds for reconsideration. (Docket No. 75 at 2-3). The Court has reviewed the parties' submissions, and finds that Plaintiff has not shown that the Court has "overlooked the controlling decisions or factual matters that were put before the Court in the underlying motion." *Chepilko v. Cigna Life Ins. Co. of N.Y.*, 952 F. Supp. 2d 629, 631 (S.D.N.Y. 2013).

Contrary to Plaintiff's argument, the Court did consider whether Plaintiff could plead a class-of-one claim based on the factors set forth in *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). (Docket No. 71 at 1). The Court did not reject Plaintiff's class-of-one claim because an "out of Town developer who is not a constituent" is not a protected class, as Plaintiff asserts in his motion, (Docket No. 71 at 1), but rather on account of Plaintiff's failure to plead proper comparators or that there was no rational basis for the violations he received. (Docket No. 70 at 13-15, 20-21). Specifically, the Court dismissed Plaintiff's class-of-one claim because he failed to plead facts setting forth the "extremely high degree of similarity" necessary to establish that his neighbors or the other two developers were proper comparators. (*Id.* at 13-15). In the instant

3

motion, Plaintiff not only fails to provide any factual matters that the Court overlooked in reaching this conclusion, his new argument–that "no other house in town in similar condition" was "singled out for demotion [sic]," (Docket No. 71 at 2)–does even less to meet the extremely high degree of similarity necessary to successfully plead a class-of-one claim. *See Hu v. City of New York*, 927 F.3d 81, 92 (2d Cir. 2019).  The Court additionally rejected Plaintiff's class-of-one claim because the SAC "'d[id] not exclude the potential that there was a rational basis for the difference in treatment' with respect to Plaintiff, his neighbors, and the two developers." (Docket No. 70 at 20) (quoting *Nemeth v. Vill. of Hancock*, No. 3:10-CV-1161, 2011 WL 56063, at *7 (N.D.N.Y. Jan. 7, 2011)).  Plaintiff fails to provide any facts or controlling law that the Court overlooked in reaching this conclusion concerning the rationality of the violations he received. (Docket No. 71).  Thus, because Plaintiff "seeks solely to relitigate an issue already decided," his motion for reconsideration must be denied. *Shrader*, 70 F.3d at 257; *see also Siino v. Bd. of Trustees of N.Y. City Teachers' Ret. Sys.*, No. 08 Civ. 4529 (PKC), 2009 WL 734076, at *1–2 (S.D.N.Y. Mar. 13, 2009) (denying motion for reconsideration where plaintiff failed to identify any controlling law or facts overlooked by the court and instead "mainly recycle[d] arguments already rejected by the Court and puts forward new arguments based on the same facts and claims.").

**IV.  CONCLUSION**

For the foregoing reasons, Plaintiff's motion for reconsideration is denied.  The Clerk is respectfully requested to terminate the pending motion (Docket No. 71).

Dated:   May 29, 2020
        White Plains, New York

                                                    **SO ORDERED:**

                                                    _____
                                                    JUDITH C. McCARTHY
                                                    United States Magistrate Judge

4